**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |
|---|---|
| PEARL MUSICAL INSTRUMENT COMPANY CO. LTD, <br><br> *Plaintiff,* <br><br> v. <br><br> HOSHINO GAKKI CO., LTD. AND HOSHINO (U.S.A.) INC., <br><br> *Defendants.* | Civil Action No. _____ <br><br> **COMPLAINT** <br><br> **JURY TRIAL DEMANDED** |

**COMPLAINT FOR PATENT INFRINGEMENT**

Pearl Musical Instrument Company Limited ("PMI" or "Plaintiff"), by and through its undersigned counsel, complains and alleges against Hoshino Gakki Co., Ltd. and Hoshino (U.S.A.) Inc. (collectively, "Hoshino" or "Defendants"), as follows:

**NATURE OF THE ACTION**

1.      This is a civil action for patent infringement arising under the patent laws of the United States, 35 U.S.C. § 1, et seq., and specifically § 271, for Defendants' infringement of U.S. Patent No. 7,671,261 ("the '261 Patent").

**THE PARTIES**

2.      Plaintiff Pearl Musical Instrument Company (hereinafter "PMI") is a company organized under the laws of the country of Japan with a principal place of business located at 10-2-1, Yachiyodai Nishi, Yachiyo City, Chiba, Japan.

3.      On information and belief, Defendant Hoshino Gakki Co., Ltd. ("Hoshino Japan") is a corporation organized under the laws of the country of Japan with a principal place of business located at No. 22, 3-Chome, Shumoku-Cho, Higashi-Ku, Nagoya, Aichi, 461-8717, Japan.

4.      On information and belief, Hoshino (U.S.A.) Inc. ("Hoshino America") is a corporation organized under the laws of the Commonwealth of Pennsylvania with a principal place of business located at 1726 Winchester Road, Bensalem, PA 19020.

## JURISDICTION AND VENUE

5.      This Court has original and exclusive subject matter jurisdiction over this action in accordance with 28 U.S.C. §§ 1331 and 1338(a) because it arises under the patent laws of the United States, 35 U.S.C. § 1 *et seq*.

6.      This Court has general and/or specific personal jurisdiction over Defendants because Defendants' contacts with the Commonwealth of Pennsylvania are significant and pervasive, and because Defendants' contacts with Pennsylvania, as described in this Complaint, directly give rise to this dispute. Upon information and belief, Hoshino Japan makes, uses, sells, offers for sale and imports into the United States musical instruments, including percussion instruments and related hardware and accessories for percussion instruments, particularly drums and drum carriers used by marching bands.  Upon information and belief, Hoshino America is a wholly-owned subsidiary of Hoshino Japan and has a principal role of offering for sell, selling, distributing, importing and promoting Hoshino Japan's products in the United States through its facility and office in Pennsylvania, including its principal place of business located in this District in Bensalem, Bucks County, Pennsylvania.

7.      Venue is proper in this District pursuant to 28 U.S.C. §§ 1391(b) – (d) and/or 1400(b) at least because Defendants reside in this District, have a regular and established place of business in this District, and have committed acts of patent infringement in this District.

## PATENT-IN-SUIT

8.      On March 2, 2010, the United States Patent and Trademark Office ("USPTO") duly and legally issued the '261 Patent, titled *Musical Instrument Carrier and Related Methods*.  A true and correct copy of the '261 Patent is attached as **Exhibit A**.

9.      The '261 Patent is a valid and enforceable patent.

10.     PMI is the owner and assignee of all right, title, and interest in the '261 Patent.

11.     PMI holds the right to sue for and collect all damages and other relief for infringement of the '261 Patent, including past infringement.

## BACKGROUND

12.     PMI, a manufacturer and seller of drums, percussion musical instruments and flutes for, among other markets, the United States, was founded in 1946 in Tokyo, Japan.  Over the ensuing 77 years, PMI has become an iconic global leader in the musical instrument industry with its products being played by musicians in every imaginable genre of music.

13.     PMI designs, develops, markets, manufactures, and sells instruments to meet many musical needs, including drums and drum carriers for marching band percussionists (i.e., drummers).

14.     In the marching band world, a marching band battery is a percussion section featuring drummers carrying and playing drums, which the drummers play while marching.

15.     A marching band battery is generally comprised of drummers playing snare drums, bass drums, and tenor drums (which are sometimes called "toms" and typically come in mounted sets of 4-6 drums).

16.     These percussion instruments are specially designed to be played while moving, which is achieved by attaching a drum or drums to a carrier worn by the artist.  Indeed, a drum carrier is an absolute necessity for a drummer in a marching band battery.

17.     Marching band drummers require a drum carrier that is, among other things, structurally and functionally reliable under the extreme physical forces of movement while comfortable to wear. Drum carriers, however, have historically been heavy, uncomfortable metal contraptions that impede marching band drummers from performing their best—particularly in marching band competitions.

*PMI DEVELOPS AND PATENTS AN IMPROVED, SUCCESSFUL DRUM CARRIER*

18.     In the mid-2000's, recognizing a need for improvement of drum carriers, PMI designed a new lightweight drum carrier providing enhanced performance capabilities, less susceptible to structural failure, easy to maintain, and adjustable for different body sizes.

19.     On December 24, 2008, PMI filed United States Patent Application No. 12/343,913 directed to its newly developed carrier, frame and method of use.  PMI's patent, the '261 Patent, issued therefrom on March 2, 2010.

20.     The '261 Patent discloses and claims various inventions, as demonstrated by representative Claim 1 of the '261 Patent ("Patented Drum Carrier"), which recites:

> A body-supportable musical-instrument carrier, comprising:
>
> a rigid tubular frame comprising a substantially U-shaped intermediate section and first and second end sections at opposite

ends of the substantially U-shaped intermediate section, the substantially U-shaped intermediate section substantially conforming to shoulder and upper back regions of a user for resting on the shoulder regions and extending across the upper back region of the user in use, the first and second end sections extending downward substantially parallel to one another for resting in front of a front torso region, including along an abdomen region, of the user in use;

a belly plate;

first mounting members mountable on the belly plate and engageable with the first and second end sections, respectively, of the rigid tubular frame for securing the belly plate to the rigid tubular frame; and

second mounting members mountable on the belly plate and engageable with a musical instrument for securing the musical instrument to the body-supportable musical-instrument carrier.

21.     The '261 Patent also discloses and claims a method of use, as demonstrated in representative Claim 22 of the '261 Patent ("Patented Method"), which recites:

A method of supporting a musical instrument on a body of a user, the method comprising:

placing a rigid frame comprising a substantially U-shaped intermediate section and first and second end sections at opposite ends of the substantially U-shaped intermediate section on shoulder and upper back regions of a user, the substantially U-shaped intermediate section substantially conforming to and placed so as to rest on the shoulder regions and extend across the upper back region of the user, the first and second end sections extending downward substantially parallel to one another so as to be positioned in front of a front torso region, including along an abdomen region, of the user;

securing a height-adjustable belly plate at a selected height to the first and second end sections of the rigid frame; and

securing a musical instrument to the belly plate.

22.    In May of 2010, PMI began manufacturing, marketing, importing, promoting, offering to sell, and selling its Patented Drum Carrier in the United States as the CX Airframe Carrier ("CX Series Carrier").

23.    PMI promotes, markets, offers to sell, and sells musical instruments and related products, including the CX Series Carrier, through its wholly owned United States subsidiary, Pearl Corporation, a corporation organized under the laws of Tennessee, with a principal place of business at 549 Metroplex Drive, Nashville, Tennessee 37211. ("Pearl USA") (PMI and Pearl USA collectively referred to as "Pearl").

24.    PMI imports, promotes, manufactures, markets, offers to sell and sells different models of its CX Series Carrier, which attach to a snare drum, a bass drum, or a tenor drum, depending on the instrument.

25.    Since release, PMI's CX Series Carriers have been met with great fanfare and success and are recognized as a premium line drum carrier due to their light weight, adjustability, durability, and comfort.

26.    Indeed, PMI's CX Series Carriers are now the best-selling marching drum carriers in the United States, capturing a 60 to 70 percent share of the marching drum carrier market.

27.    Although PMI's CX Series Carriers are available for purchase by individuals, a large portion of the customer base for the CX Series Carriers are educational institutions (e.g., high schools and colleges) and competitive marching band corps.

28.    Historically, these educational institutions and marching band corps purchase all or nearly all of their percussion instruments and related products from a single source, such as Pearl.

## *DEFENDANTS ARE COMPETITORS WITH PEARL*

29.     Hoshino manufactures, markets, imports, offers to sell and sells drums and drum accessories in the United States under the brand name "TAMA." *See* HOSHINOGAKKI | PRODUCT, http://www.hoshinogakki.co.jp/hoshino_e/products/index.html (last visited Aug. 21, 2023).

30.     Under the TAMA brand, Hoshino manufactures, markets, imports, offers to sell, and sells marching version of snare drums, bass drums, and tenor drums as well as drum carriers for the same.

31.     United States visitors to Hoshino Japan's website are directed to TAMA's United States website, which identifies its affiliation with Hoshino America. *See* TAMA Drums, https://www.tama.com/usa/ (last visited Aug. 21, 2023).

32.     Hoshino America's website identifies itself as a subsidiary of Hoshino Japan, and states that it is the United States manufacturer and distributor of TAMA Drums and other Hoshino products. *See* HOSHINO (U.S.A.) INC., https://www.hoshinousainfo.com/ (last visited Aug. 21, 2023).

33.     Hoshino America's website further states that "Hoshino Gakki Co., Ltd., based in Japan, is the owner of the … Tama drum brand name[]." *Id.*

34.     Under the TAMA brand name, Defendants manufacture, market, distribute, and sell marching drums and drum carriers in direct and indirect competition with Pearl.

35.     As alleged further *infra*, Hoshino recently released a new drum carrier, upon information and belief named the "TAMA Fieldstar Carrier," which infringes the '261 Patent.

**DEFENDANTS' KNOWLEDGE OF THE '261 PATENT**

36.     As competitors, PMI's patents, including the '261 Patent, are well known to Defendants.  According to the USPTO's database, Hoshino Japan has applied for and prosecuted at least two United States patent applications, which have resulted in issued patents or published patent applications that cite the '261 Patent as prior art.

37.     On August 7, 2012, in a Non-Final Rejection of Hoshino Japan's U.S. Patent Application No. 13/212,201, that eventually issued as U.S. Patent No. 8,420,919, a USPTO Examiner cited the '261 Patent as relevant prior art, thereby giving Hoshino Japan a reason to review the '261 Patent for at least this purpose.

38.     Moreover, Hoshino Japan has also specifically discussed the '261 Patent in its patent applications.  For example, as set forth in the following excerpt from Hoshino Japan's own U.S. Patent Application No. 17/672,584 ("the '584 Application"), filed February 15, 2022, Hoshino Japan specifically referenced and described PMI's Patented Drum Carrier, explaining:

> a marching carrier disclosed in U.S. Pat. No. 7,671,261 includes a belly plate, which covers the abdomen region of a player, and a carrier main body, which rests on the shoulder regions and is fixed to the belly plate. The carrier main body includes a substantially U-shaped rod that extends from the back region to the abdomen region via the shoulder regions. The carrier main body includes cushions at sections contacting the back region or the shoulder regions. The belly plate also includes cushions at sections contacting the abdomen region. The cushions reduce the load put on the player due to the weight of the marching carrier.

(U.S. Pub. No. 2022/0375440 at [0003]).

39.     Pearl has provided Defendants additional notice of the '261 Patent.  On April 10, 2023, and again on May 18, 2023, Pearl advised Defendants in writing of its belief that the Tama Fieldstar Carriers were being marketed, imported, sold, and/or offered for sale in the United States

in contravention of the claims of the '261 Patent and in direct competition with Pearl and Pearl's drum carriers protected by the '261 Patent. Both of Pearl's letters specifically identified the '261 Patent and explained that the TAMA Fieldstar Carrier and use of the TAMA Fieldstar Carrier by others infringe the '261 Patent.

40.     Accordingly, at all relevant times, Defendants have had actual knowledge of the '261 Patent and that the '261 Patent covers the TAMA Fieldstar Carrier and use of the same.

**DEFENDANTS' INFRINGEMENT OF THE '261 PATENT**

41.     From February 8, 2023, to February 11, 2023, the Texas Music Educators Association held its annual conference ("TMEA Conference") in San Antonio, Texas. This annual four-day convention is the largest of its kind in the nation, hosting over 29,000 attendees (including over 10,000 active music educators).

42.     Hoshino attended the 2023 TMEA Conference as an exhibitor and exhibited products at its conference booth, including TAMA marching drums and drum carriers.

43.     Pearl also attended the 2023 TMEA Conference and discovered that Hoshino was marketing a new marching drum carrier—the TAMA Fieldstar Carrier.

44.     During the 2023 TMEA Conference, Hoshino displayed the infringing TAMA Fieldstar Carriers at its conference booth.

45.     Hoshino further marketed the infringing TAMA Fieldstar Carriers on social media, posting pictures and stating "[h]ave a look at our newly released Fieldstar carriers. They're designed to be lighter, more adjustable, and better accommodate athletic movement during performances thanks to their center-mounted J-bars. Come by booth #659 to check them out."

*E.g.,* TAMA | BERGERAULT USA [@tamabergeraultusa]. Photo of TAMA Fieldstar Carrier.

*Instagram*, 9 Feb. 2023, https://www.instagram.com/p/Coc_30SsqB4/?img_index=2



46.     Following the 2023 TMEA Conference, Pearl discovered that in November of 2022, Hoshino had entered into a partnership to equip one of the country's preeminent competitive drum and bugle corps—The Bluecoats Drum and Bugle Corps (the "Bluecoats")—with TAMA marching instruments and accessories—including drum carriers.

47.     Pearl's investigation further revealed evidence that Defendants are making, using, importing, offering to sell, selling within the United States, and inducing others to use, the infringing TAMA Fieldstar Carriers by, at minimum, selling or providing TAMA Fieldstar Carriers to the Bluecoats.

48.     For example, a video taken on July 5, 2023, shows the Bluecoats using the TAMA Fieldstar Carrier at a Drum Corp International event held in Mason, Ohio, on that date.  *See* Bluecoats        Drumline        2023        -        Show        Music        -        7/5        DCI        Mason, https://www.youtube.com/watch?v=2gUT7qEh-I0 (last visited Aug. 21, 2023).

49.     Still images taken from the July 5, 2023, Bluecoats video on YouTube show that the TAMA Fieldstar Carrier satisfies all the elements of at least representative Claim 1 of the '261 Patent.  As illustrated by the arrows in the below images, the TAMA Fieldstar Carriers possess a rigid tubular frame with a U-shaped intermediate section that engages a user's back while extending over the shoulders to provide a stable and secure foundation for the carrier (red arrows); first and second end sections that extend downward substantially parallel to one in front of a front torso region (blue arrows); a belly plate (green arrows); mounting members mountable on the belly plate that secure the a rigid tubular frame (yellow arrows); and members mountable on the belly plate for securing the musical instrument to the carrier (purple arrows):



Bluecoats Drumline 2023 – Show Music – 7/5 DCI Mason

https://www.youtube.com/watch?v=2gUT7qEh-I0



Bluecoats Drumline 2023 – Show Music – 7/5 DCI Mason

https://www.youtube.com/watch?v=2gUT7qEh-I0

50.     Defendants' Instagram, described as "[t]he official page of TAMA | BERGERAULT marching and concert percussion," contains numerous posts—most of which post-date PMI's infringement notification letters of April 10, 2023, and May 18, 2023—marketing the TAMA Fieldstar Carrier and showing use by the Bluecoats.  *See* TAMA | BERGERAULT USA [@tamabergeraultusa]. *Instagram*, https://www.instagram.com/tamabergeraultusa/.

51.     Representative examples, include:



TAMA | BERGERAULT USA [@tamabergeraultusa]. Video of the Bluecoats using the TAMA Fieldstar Carrier at Military Park from DCI '23. *Instagram*, 16 Aug. 2023, https://www.instagram.com/p/CwAhe2_tMjD/;



TAMA | BERGERAULT USA [@tamabergeraultusa]. Photos of the 2023 DCI World Championship Silver Medalists, the Bluecoats, using the TAMA Fieldstar Carrier. *Instagram*, 12 Aug. 2023, https://www.instagram.com/p/Cv3ndQJMeur/?img_index=1;



TAMA | BERGERAULT USA [@tamabergeraultusa]. Video of the Bluecoats using the TAMA Fieldstar Carrier at DCI San Antonio. *Instagram*, 25 July 2023, https://www.instagram.com/p/CvIB80DNbOR/; and



TAMA | BERGERAULT USA [@tamabergeraultusa]. Photos of the Bluecoats using the TAMA Fieldstar Carrier at DCI Mason. *Instagram*, 12 July 2023, https://www.instagram.com/p/CumwdMnAlg4/?img_index=2.

52.    Similar to Pearl having different models of its Patented Drum Carriers, Defendants also make and sell different models of the TAMA Fieldstar Carrier for attachment to snare drums (orange arrows), tenor drums (green arrows), and bass drums (red arrow).



Bluecoats Drumline 2023 - Show Music - 7/5 DCI Mason                                    https://www.youtube.com/watch?v=2gUT7qEh-I0

53.    By selling or providing TAMA Fieldstar Carriers to customers and/or other users, including at least the Bluecoats, Defendants also induce and contribute to the infringement of the Patented Method.

54.    Defendants at all relevant times have directly infringed, induced infringement, and contributed to the infringement of the '261 Patent. With actual knowledge of the '261 Patent, Defendants are actively making, using, importing, offering to sell, and selling within the United States the infringing TAMA Fieldstar Carrier.  With actual knowledge of the '261 Patent, Defendants have actively encouraged customers and/or other users, including least the Bluecoats, to use the TAMA Fieldstar Carriers to perform the Patented Method with specific intent to infringe

-16-

the '261 Patent. With actual knowledge of the '261 Patent, Defendants have offered to sell, sold, or imported into the United States TAMA Fieldstar Carriers, which have no substantial non-infringing uses, contributing to the infringement of the '261 Patent by customers and/or other users, including at least the Bluecoats.

## COUNT I
## DIRECT INFRINGEMENT OF U.S. PATENT NO. 7,671,261

55.     PMI re-alleges here all of the allegations set forth in paragraphs 1 through 54 above as if fully set forth herein.

56.     The '261 Patent is a valid and enforceable patent, and PMI has complied with all marking and notice requirements of 35 U.S.C. § 287 by noticing the '261 Patent in connection with the CX Airframe Drum Carriers that Plaintiff manufactures and sells.

57.     Hoshino Japan makes, uses, sells, offers for sale and imports into the United States the infringing TAMA Fieldstar Carriers.

58.     Hoshino America imports, offers for sell, sells, distributes, and promotes the infringing TAMA Fieldstar Carriers in the United States.

59.     Accordingly, Defendants have directly infringed, and are still directly infringing, the '261 Patent under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, using, selling, offering for sale, or importing the TAMA Fieldstar Carriers, which embody the Patented Drum Carrier and Patented Method of the '261 Patent.

60.     Defendants' infringement of the '261 Patent includes, but is not limited to, at least Claims 1, 21, and 22 of the '261 Patent.

61.     Defendants have profited and will continue to profit from their infringement of the '261 Patent.

62.     Defendants' infringement of the '261 Patent has caused and will continue to cause PMI substantial monetary harm, including loss of profits, for which PMI is entitled to receive damages in an amount to be determined at trial, but in no event less than a reasonable royalty.

63.     Monetary damages, however, are not fully capable of compensating PMI for Defendants' infringement of the '261 Patent.

64.     PMI has been, and continues to be, damaged and irreparably harmed by Defendants' infringement of the '261 Patent.

65.     PMI will continue to suffer irreparable harm, and Defendants' infringement of the '261 Patent will continue, unless this Court enjoins the infringement of the '261 Patent.

66.     Further, Defendants' infringement of the '261 Patent has been willful, deliberate, and with full knowledge that the making, using, selling, offering for sale and importing the TAMA Fieldstar Carriers infringes the '261 Patent, justifying enhanced damages being awarded to PMI up to three times the amount found or assessed, in accordance with 35 U.S.C. § 284.

67.     Defendants' willful infringement of the '261 Patent, among other actions, renders this an exceptional case, justifying the award to PMI of its reasonable attorney fees, in accordance with 35 U.S.C. § 285.

## COUNT II
## INDUCED AND CONTRIBUTORY INFRINGEMENT OF U.S. PATENT NO. 7,671,261

68.     PMI re-alleges here all of the allegations set forth in paragraphs 1 through 67 above as if fully set forth herein.

69.     The '261 Patent is a valid and enforceable patent, and PMI has complied with all marking and notice requirements of 35 U.S.C. § 287 by noticing the '261 Patent in connection with the CX Airframe Drum Carriers that Plaintiff manufactures and sells.

70.    Hoshino Japan makes, uses, sells, offers for sale and imports into the United States the infringing TAMA Fieldstar Carriers.

71.    Hoshino America offers for sell, sells, distributes, imports, and promotes the infringing TAMA Fieldstar Carriers in the United States.

72.    Defendants' customers and others, including at least the Bluecoats, have used and are using the infringing TAMA Fieldstar Carriers to support percussion musical instruments on a body of a user.

73.    At no time has Pearl granted Hoshino or its customers and/or other users of the infringing TAMA Fieldstar Carriers, including the Bluecoats, permission to practice the claims of the '261 Patent.

74.    Upon information and belief, both by making, using, selling, offering for sale, and importing the TAMA Fieldstar Carriers in the United States that embody the Patented Drum Carrier through suppliers, wholesalers, distributors and retailers, and by encouraging its customers and others, including at least the Bluecoats, to use the TAMA Fieldstar Carriers in a manner that Hoshino knows infringes the Patented Method of the '261 Patent, Hoshino is inducing infringement of the '261 Patent by its customers and/or others, including at least the Bluecoats, in violation of 35 U.S.C. § 271(b).

75.    With knowledge of the '261 Patent, Defendants have and continue to induce others, including at least the Bluecoats, to infringe the '261 Patent without a good faith belief that the '261 Patent is not infringed and/or invalid.

76.     Furthermore, the TAMA Fieldstar Carriers, and features provided by the TAMA Fieldstar Carriers, are material to practicing the '261 Patent and are used by Hoshino and Hoshino's customers, including at least the Bluecoats.

77.     The TAMA Fieldstar Carriers have no substantial non-infringing uses and are not staple articles of commerce suitable for substantial non-infringing use.  Moreover, by its actual knowledge of the '261 Patent, Hoshino knew that the TAMA Fieldstar Carriers are especially made or especially adapted for use in a manner than infringes the '261 Patent.  Accordingly, Hoshino's selling or providing the TAMA Fieldstar Carriers to at least the Bluecoats contributes to the infringement of the '261 Patent in violation of 35 U.S.C. § 271(c).

78.     Defendants' actions induce infringement and contribute to the infringement of at least, but not limited to, Claims 1, 21, and 22 of the '261 Patent.

79.     Defendants have profited and will continue to profit from their infringement of the '261 Patent.

80.     Defendants' infringement of the '261 Patent has caused and will continue to cause PMI substantial monetary harm, including loss of profits, for which PMI is entitled to receive damages in an amount to be determined at trial, but in no event less than a reasonable royalty.

81.     Monetary damages are not fully capable of compensating PMI for Defendants' infringement of the '261 Patent.

82.     PMI has been, and continues to be, damaged and irreparably harmed by Defendants' infringement of the '261 Patent.

83.     PMI will continue to suffer irreparable harm, and Defendants' infringement of the '261 Patent will continue, unless this Court enjoins the infringement of the '261 Patent.

84.     Further, Defendants' infringement of the '261 Patent has been willful, deliberate, and with full knowledge that the making, using, selling, offering for sale and importing the TAMA Fieldstar Carriers infringes the '261 Patent, justifying enhanced damages being awarded to PMI up to three times the amount found or assessed, in accordance with 35 U.S.C. § 284.

85.     Defendants' willful infringement of the '261 Patent, among other actions, renders this an exceptional case, justifying the award to PMI of its reasonable attorney fees, in accordance with 35 U.S.C. § 285.

## **PRAYER FOR RELIEF**

WHEREFORE, Pearl Musical Instrument Company Limited respectfully requests that this Court enter judgment against Defendants, granting PMI the following relief:

A.     Finding that Defendants have directly infringed, contributorily infringed, and/or induced infringement of one or more claims of the '261 Patent;

B.     Awarding PMI damages, including enhanced damages and lost profits, pursuant to 35 U.S.C. § 284, for Defendants' infringement of the '261 Patent, in an amount to be determined at trial, but in no event less than a reasonable royalty;

C.     Awarding PMI pre-judgment and post-judgment interest to compensate PMI for the damages it has sustained;

D.     Awarding PMI all of its costs and disbursements incurred in bringing this action;

E.     Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding PMI its reasonable attorney fees, costs, and expenses;

F.     Permanently enjoining Defendants, their subsidiaries, affiliates, parents, successors, assignees, officers, agents, servants, employees, and all others acting in concert or in

participation with them, or any of them, from further acts of direct infringement, contributory

infringement, and inducement of infringement of the '261 Patent; and

G.      Awarding PMI any further relief as the Court may deem just and proper.

## **<u>JURY DEMAND</u>**

PMI respectfully demands a jury trial pursuant to Federal Rule of Civil Procedure 38 on

all issues so triable.


DATED: August 21, 2023

Respectfully submitted,

PLAINTIFF PEARL MUSICAL
INSTRUMENT COMPANY CO. LTD


By: */s/*_____
David R. Fine (Pa. No. 66742)
K&L GATES LLP
17 North 2nd Street, Suite 1800
Harrisburg, PA 17101
Tel: 717.231.5820
Email: david.fine@klgates.com

R. Gregory Parker (*pro hac vice forthcoming*)
K&L GATES LLP
501 Commerce Street, Suite 1500
Nashville, TN 37201
Tel: 615.780.6751
Email: greg.parker@klgates.com

Terry L. Clark (*pro hac vice forthcoming*)
BASS, BERRY & SIMS PLC
1201 Pennsylvania Avenue NW, Suite 300
Washington, D.C. 20004
Tel: (202) 827-2950
Fax: (202) 478-0400
Email: tclark@bassberry.com

Caleb H. Hogan (*pro hac vice forthcoming*)
BASS, BERRY & SIMS PLC

-22-

150 3rd Avenue S, Suite 2800
Nashville, TN 37201
Tel: (615) 742-6200
Fax: (615) 742-6293
Email: caleb.hogan@bassberry.com

*Attorneys For Plaintiff Pearl Musical Instrument Co., Ltd.*